IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC.<br>201 Gibraltar Road, Suite 150<br>Horsham, PA 19044<br>    Plaintiff,<br>v.<br>KANWAR D. SURI<br>15200 Marsh Lane<br>Addison, TX 75001<br>    And<br>LAS COLINAS TRANSMISSIONS, INC.<br>1100 W. I-635, Suite 100<br>Irving, TX 75063<br>    Defendants. | CIVIL ACTION<br><br>No. |

## COMPLAINT

1.      Plaintiff, AAMCO Transmissions, Inc. ("Plaintiff" or "ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.      Defendant, Kanwar D. Suri ("Defendant" or "Suri") is a citizen of the State of Texas and maintains a principal place of business at 15200 Marsh Lane, Addison, TX 75001.

3.      Defendant, Las Colinas Transmissions, Inc. ("Defendant" or "LCT") is a corporation existing under the State of Texas and maintains a principal place of business at 1100 W. I-635, Suite 100, Irving, TX 75063.

4.      This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein.

5. Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendants have transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

## BACKGROUND

6. Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

7. ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission repair centers throughout the United States and Canada.

8. The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

9. Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

10. ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

11. On December 23, 1993, ATI and Defendant Suri entered into a franchise agreement, pursuant to which Defendant was authorized to use and have used the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 15200 Marsh Lane, Addison, TX 75234 (the "Addison Center"). A true and correct copy of this franchise agreement (the "Addison Franchise Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

12. Since the Addison Center first opened, it has been advertised in the Addison community, and is known as "AAMCO."

13. Thereafter, on May 14, 2005, ATI and Defendant Suri entered into another franchise agreement, pursuant to which Defendant was authorized to use and have used the name and mark "AAMCO" in connection with the operation of an automotive repair center currently located at 1100 W. I-635, Suite 100, Irving, TX 75063 (the "Irving Center"). A true and correct

copy of this franchise agreement (the "Irving Franchise Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

14. On July 22, 2010, Defendant Suri, individually and on behalf of Defendant LCT, entered into an agreement with Plaintiff whereby Defendant LCT was added as a franchisee to the Irving Franchise Agreement. *See* Amendment to Franchise Agreement to Add a Corporation attached to the Irving Franchise Agreement at Exhibit "B".

15. There has been a Center in Irving operating under the AAMCO trademark long before the Defendants became the franchisees for the Irving Center location. The Center was first established under the AAMCO trademark in December of 1967, and has been advertised in the Irving community as AAMCO ever since.

16. As provided under the Addison Franchise Agreement and the Irving Franchise Agreement (collectively, the "Franchise Agreements"), ATI shared with Defendants its proprietary systems, information and trade secrets for opening and operating a successful automotive repair business which ATI has developed over its 50 year history.

17. In addition, Defendants have been provided ATI's proprietary manuals, customer lists and software.

18. Under the Franchise Agreements, ATI was entitled to perform any inspection deemed by ATI to be necessary to determine the nature and quality of the services being rendered there. *See* Ex.s "A" and "B" at § 5.2.

19. In April of 2012, after receiving a tip from a former key employee of Defendants that Defendants were engaged in various fraudulent or misleading business practices, ATI commenced an investigation of the Defendants' Addison Center and Irving Center (collectively, the "Centers") in accordance with its rights under the Franchise Agreements.

20. During the spring and summer of 2012, ATI conducted an investigation of Defendants' Centers which included:

    a. Interviews with three (3) former managers of Defendants;

    b. Review of Repair Orders issued by Defendants' Centers;

    c. Interviews with Defendants' customers; and

    d. Forensic examination of customer vehicles that had been serviced at Defendants' Centers.

21. As a result of the investigation, ATI discovered that Defendants had engaged in fraudulent and deceptive practices by, among other things:

    a. selling customers rebuilt transmissions which in fact were not rebuilt;

    b. selling a customer a rebuilt torque converter for a vehicle that did not use a torque converter;

    c. selling a customer a rebuilt torque converter when in fact Defendants merely painted the customer's old torque converter to appear like a newly remanufactured unit;

    d. selling a customer a new transmission case when in fact Defendants merely patched the old case and painted it to appear new;

    e. recommending unnecessary repairs to customers;

    f. selling unnecessary repairs to customers;

    g. representing to customers that work was performed that was not performed; and

    h. representing to customers that parts were replaced that were not replaced.

22. Pursuant to the Franchise Agreements, Defendants were contractually obligated to "deal fairly and honestly with AAMCO and with each customer," and conduct their centers in a manner so that they "will not detract from nor bring into disrepute the trademark or name 'AAMCO'". *See* Ex.s "A" and "B" at § 5.2.

5

23. In the event Defendants breached the obligation to deal fairly and honestly with the public, ATI is entitled to immediately terminate the Franchise Agreements for cause. *See* Ex.s "A" and "B" at § 18.1(a)(1).

24. In early August, 2012, ATI contacted Defendants and informed them that their franchise businesses had been the subject of a consumer protection investigation by ATI and that multiple instances of consumer fraud had been revealed. ATI gave Defendants the repair order numbers of the transactions at issue and invited Defendant Suri to come to ATI's home office in Horsham, Pennsylvania to discuss the findings of the investigation.

25. On August 17, 2012, Defendant Suri came to ATI's home office and met with the following ATI personnel: (1) Field Investigator, (2) Director of Consumer Support, (3) Senior Vice President of Operations and (4) General Counsel.

26. At the meeting, ATI shared the specifics of the investigation and its findings. Defendant was shown interview transcripts, pictures and parts taken from customer vehicles at issue.

27. Thereafter, Defendants engaged counsel and denied any wrongdoing notwithstanding the mountain of evidence against them compiled by ATI in its investigation.

28. By letter dated September 28, 2012, ATI advised Defendants that as a result of their dishonest and fraudulent actions in dealing with the public, their franchises were terminated effective immediately. The letter further notified Defendants that they must comply with the License Agreement's post termination obligations, expressly including the de-identification requirement, the non competition requirement, and the requirement to turn over all center telephone numbers to ATI. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "C".

29. Section 19.1 of the Franchise Agreements, entitled "Procedures after Termination," provide that upon termination of the Franchise Agreements "for any reason", Defendants shall:

> (3) Immediately and permanently discontinue the use of the mark AAMCO and all similar names or marks, and any other designation tending to indicate that Franchisee is or was an authorized AAMCO franchisee.
>
> (4) Promptly surrender to AAMCO all signs, training materials, manuals, videos, stationery, letterheads, forms, repair orders, printed matter and advertising material containing the mark AAMCO, all similar names or marks or any other designation tending to indicate that Franchisee is or was an authorized franchisee of AAMCO.
>
> (5) Immediately and permanently discontinue all advertising as an authorized AAMCO dealer.
>
> (6) Promptly transfer to AAMCO or AAMCO's designee each telephone number listed under the designation AAMCO or any similar designation, and execute such instruments and take such steps as AAMCO may require to accomplish the transfer of each such telephone number.

*See* Ex.s "A" and "B", ¶ 19.2(a).

30. The Franchise Agreements also contain a non-competition covenant which provides in pertinent part that:

> **Covenant Not-To-Compete.** Franchisee acknowledges that as a franchisee of AAMCO he will receive confidential information and materials and trade secrets and have access to unique procedures and systems developed by AAMCO. Franchisee further acknowledges that the development of the marketplace in which his center is located is solely as a result of the AAMCO name and trademark. Therefore, to protect the AAMCO name and trademark and to induce AAMCO to enter into this Agreement, Franchisee represents and warrants...
>
> (b) For a period of two (2) years after the termination of this Agreement, Franchisee shall not directly or indirectly engage in the transmission repair business within a radius of ten (10) miles of the former center or any other AAMCO center. The two (2) year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 19.2(b).
>
> (c) Franchisee acknowledges that because of the business of AAMCO and the strength of the AAMCO name and trademark, the restrictions contained in this section 19.2 are reasonable and necessary to protect the legitimate interests of

AAMCO and that any violation of these restrictions will result in irreparable injury to AAMCO. Therefore, Franchisee acknowledges that, in the event of such violation, AAMCO shall be entitled to preliminary and permanent injunctive relief and damages, as well as an equitable accounting of all earnings, profits and other benefits, arising from such violation, which remedies shall be cumulative and in addition to any other rights and remedies to which AAMCO shall be entitled. If Franchisee violates any restriction contained in this section 19.2 and it is necessary for AAMCO to seek equitable relief, the restrictions contained herein shall remain in effect for two (2) years after such relief is granted.

*See* Ex.s "A" and "B" at § 19.2.

31. Despite the termination of their franchises and any further authority to continue in business under and the use of the AAMCO name, Defendants have failed to take the actions required by the Franchise Agreements to remove the AAMCO name and trademark from the Center and cease all use of ATI's systems and AAMCO merchandising materials there and, instead, using ATI's AAMCO advertised telephone numbers for the Centers, have continued to operate the Centers under the name and style "AAMCO Transmissions", to hold themselves out to be authorized AAMCO franchisees, and to use the AAMCO trade name and trademark, without any license or right whatsoever. Further Defendants have failed and refused to return any of ATI's trademarked or proprietary items in their possession.

## COUNT I
## TRADEMARK INFRINGEMENT

32. ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 31 above.

33. Defendants have materially breached the terms and conditions of the Franchise Agreements by failing and refusing to deal fairly and honestly with AAMCO and center customers thereby extinguishing any contractual right of Defendants to use ATI's marks.

34. Defendants have willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreements which require Defendants to,

8

among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

35. Unless Defendants are enjoined, ATI believes and therefore avers that they will continue their infringing use of the AAMCO trade name and trademarks at the Centers.

36. Unless Defendants are enjoined, their continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

37. Defendants' continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

38. The actions and conduct of Defendants as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

39. The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendants are irreparable and continuing, and ATI has no adequate remedy at law.

40. Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

41. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendants' profits at the Centers for the period since September 28, 2012, during which they have engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II
## BREACH OF LICENSE AGREEMENT – SPECIFIC PERFORMANCE

42. ATI incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 41 above.

43. After Defendants breached their obligation to deal fairly and honestly with the public, ATI was entitled to terminate the Franchise Agreements for cause, which it did.

44. As a result of the termination of Defendants' franchises, ATI is entitled to specific performance of the Franchise Agreements, which require Defendants to, among other things, (a) de-identify with the AAMCO name and trademarks, (b) refrain from operating a transmission repair business from the former center locations for a period of two years, and (c) transfer to ATI all telephone numbers listed for the centers.

45. These restrictive covenants serve the legitimate business interests of ATI in that they are designed to protect ATI's ability to develop the market, protect the integrity of its system, retain its goodwill and re-establish the presence of the AAMCO name in this market.

46. Although Defendants' franchises have been terminated, Defendants refuse to relinquish their interest in the Centers and, upon information and belief, continue to operate transmission repair businesses at the Center locations using ATI's telephone numbers.

47. In so doing, Defendants are unfairly competing with ATI and wrongfully interfering with ATI's ability to develop the markets, protect the integrity of its system, retain its goodwill and re-establish the presence of the AAMCO name in these markets, all of which is causing ATI irreparable harm.

48. ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination, including the covenant not-to-compete, is ordered and injunctive relief granted to restrain Defendants' unlawful conduct, ATI will continue to suffer irreparable harm.

WHEREFORE, Plaintiff, AAMCO Transmissions, Inc., requests judgment in its favor and against Defendants and that an injunction be entered enjoining Defendants from (a) using the AAMCO name and trademark in any manner, (b) directly or indirectly engaging in the transmission repair business within a radius of ten (10) miles of the Center, or within a radius of three (3) miles of any other AAMCO Transmission Center, and (c) interfering with Plaintiff's right to control or transfer the Center telephone numbers. Further, ATI requests that it be awarded money damages incurred as a result of Defendants' breaches, including attorneys' fees and costs.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

49. ATI incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 48 above.

50. Defendants' conduct is in violation of the common law of unfair competition in that, amongst other things, they are:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with their conduct of business at the former Centers;

(b) Interfering with ATI's ability to re-franchise the territories of the former Centers; and,

(c) Operating with ATI's trade secrets, confidential information and proprietary practices which it developed over the last five decades in all aspects of the transmission repair business.

51. These acts by Defendants have been committed willfully and with the intent to interfere with ATI's ability to fairly compete in the markets of the former Centers.

52. Defendants' unlawful trade practices will irreparably harm and injure ATI in its business.

53. ATI is without an adequate remedy at law.

WHEREFORE, Plaintiff, AAMCO Transmissions, Inc., requests judgment in its favor and against Defendants and that an injunction be entered enjoining Defendants from (a) using the AAMCO name and trademark in any manner, (b) directly or indirectly engaging in the transmission repair business within a radius of ten (10) miles of the Center, or within a radius of three (3) miles of any other AAMCO Transmission Center, and (c) interfering with Plaintiff's right to control or transfer the Center telephone numbers. Further, ATI requests that it be awarded monetary damages incurred as a result of Defendants' unlawful conduct, including attorneys' fees and costs.

## COUNT IV
## COSTS AND ATTORNEYS' FEES

54. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 53 above.

55. Pursuant to Section 21.5 of the Franchise Agreements, Defendants agreed to pay all costs incurred by ATI in bringing this action, including attorneys' fees.

56. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

57. Upon the filing of this Complaint, Plaintiff ATI has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

58. Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

WHEREFORE, Plaintiff, AAMCO Transmissions, Inc., requests judgment in its favor and against Defendants in an amount to be determined.

## COUNT V
## DECLARATORY JUDGMENT

59. ATI incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 58 above.

60. Pursuant to 28 U.S.C. §2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, operation and termination of the Franchise Agreements.

61. An actual controversy exists between Plaintiff and Defendants as to whether Defendants are in default under the Franchise Agreements and as to the termination of said agreements.

62. Plaintiff has performed all of its obligations under the Franchise Agreements and has not negligently or willfully caused any damage to Defendants.

63. Plaintiff has properly determined that Defendants are in violation of their Franchise Agreements with Plaintiff because Defendants have, *inter alia* engaged in fraudulent and deceptive practices by recommending unnecessary repairs to customers, selling unnecessary repairs to customers, representing to customers that work was performed that was not performed, and representing to a customer that parts were replaced and/or refurbished that were not replaced and/or refurbished.

64. Pursuant to the Franchise Agreements, Plaintiff may terminate the Franchise Agreements for one or more of the breaches set forth above.

65. Plaintiff has given proper notice of termination of the Franchise Agreements to Defendants.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. requests a judgment in its favor and a Declaration that the Franchise Agreements are valid, that Plaintiff has fulfilled all of its obligations under the Franchise Agreements, that Plaintiff has not negligently or willfully caused damage to Defendants, that Plaintiff may terminate Defendants under the Franchise Agreements for one or more of the breaches described in this Complaint, and that Plaintiff has given proper notice of termination of the Franchise Agreements to Defendants.

Date: 9/28/12

Respectfully,

*[signature]*

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900